IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MS LONDON TRADER GmbH & CO.** § <br> **Plaintiff** § <br> § C.A. NO. _____ <br> § <br> **VS.** § <br> § [Filed Pursuant to Rule 9(h) F.R.C.P.] <br> § In Admiralty <br> **DURHAM INTERNATIONAL S.A. and** § <br> **LINLAND REFINING AND MARKETING** § <br> **LTD.** § <br> **Defendants** § | |

## VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MS London Trader GmbH & Co. (London Trader) Plaintiff, complaining of Durham International S.A. (Durham) and Linland Refining and Marketing Ltd. (Linland) Defendants, pursuant to Supplemental Admiralty Rule B and other Federal Rules of Civil Procedure, and files this Verified Original Complaint, and would respectfully show the Court as follows:

### I.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract -- an executed voyage charter party for the employment of a seagoing cargo vessel. This Court's jurisdiction is based upon the Federal Arbitration Act, 9 U.S.C. §1 et seq., 28 U.S.C. §1333 (admiralty), 28 U.S.C. § 1331(federal question), as well as the Court's pendent, supplementary and ancillary jurisdiction.

## II.

At all times pertinent hereto, Plaintiff MS London Trader GmbH & Co. was a corporation, company, business organization or entity organized and existing under German law.

## III.

At all times pertinent hereto, Defendants Durham and Linland were, and still are corporations, companies, business organizations or entities organized and existing under and by virtue of the laws of countries, states or nations other than the United States of America and the State of Texas.

## IV.

By a charter party dated 30 November 2011 ('"the Contract'), Plaintiff agreed to make available for Defendant Durham the M/V LONDON TRADER to transport a cargo of lube oils from Houston, Texas to Onne, Nigeria.

Pursuant to the Contract, notice of readiness of the M/V LONDON TRADER was tendered to Defendant Durham on 16 December 2011. Loading of the cargo was completed on or about 21 December 2011. At the request of Durham, the Vessel returned to Houston for additional operations and finally departed Houston on 24 December 2011.

## V.

Plaintiff London Trader commenced arbitration seeking to recover its damages due under the terms of the Contract caused by the delays in the loading of the cargo and final departure of the M/V LONDON TRADER from Houston as described above, as well as demurrage and extra War Risk premium payable by Durham. Pursuant to Clause 54 of the Contract all disputes were to be referred to arbitration in London under English Law. The claim proceeded to arbitration in London and after due hearing an Award was made, directing Durham to pay to London Trader

the sum of $182, 464.58 with interest from March 1 2012, interest to accrue at the rate of 5% per annum, compounded at three monthly intervals until date of payment. The amount of said interest up to and including 10 May 2013 is calculated to be $11,160.78. Further the arbitrators have directed Durham to pay London Trader the additional sum of GBP 6,700 ($10,415) being the fees of the arbitrators related to the arbitration award, plus interest thereon from the date of payment by London Trader at the rate of 5% per annum, compounded at three monthly intervals until date of payment by Defendants, which up to and including 10 May 2013, amounts to GBP 28.45 ($44.22). Further the arbitrators have directed Durham to pay London Trader its costs in connection with the arbitration to be assessed by them if not agreed, in respect of which London Trader has claimed the further sum of GBP 13,650.50 ($21,217), but which is pending determination by the arbitrators. Accordingly London Trader seeks an Order from this Court recognizing, confirming and enforcing the referenced Award. To date, Defendant Durham has not complied with the Award and has failed to pay any of the sums awarded to London Trader. Attached to this Complaint and incorporated herein are:

    Exhibit A:   The Final Arbitration Award

    Exhibit B:   The Arbitrators' Reasons for the Award

    Exhibit C:   Schedule of Costs of London Trader in the Arbitration

    Exhibit D:   Interest Calculation

## VI.

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., Plaintiff is entitled to recognition, confirmation and enforcement of the Award and seeks entry of judgment against each of Durham and Linland, jointly and severally, in the amount of $225,301.58 which is the sum owed as of the date of filing of this Complaint, plus future interest until the Award is fully

satisfied or reduced to judgment, which ever first occurs, plus attorney fees and costs incurred by London Trader in pursuing payment of the arbitration Award including the costs incurred in connection with this Cause.

### VII.

Defendant Linland is jointly and severally liable with Durham for the breach of the charter party and for payment of the arbitration Award, because Defendant Linland is the alter ego of Defendant Durham. It is believed Mr. Linus Nwanemuogh, who is the CEO of both Linland and Durham, is the sole person with controlling power over both Durham and Linland. On information and belief, Defendants Linland and Durham have co-mingled individual finances, accounts, and/or assets. Defendant Linland should not be allowed to use Defendant Durham's fiction of a separate corporate identity as a method of evading liability or responsibility for its lawful debts. Additionally Plaintiff would show that Mr. Nwanemuogh operates Defendants Linland and Durham without regard to individual corporate formalities, and thus the Defendants should be treated as the alter ego of each other and/or Mr. Nwanemuogh.

Defendants have a unified existence, and treating them as separate entities is not equitable. Accordingly, the Court should pierce the corporate veil because Defendant Linland controls Defendant Durham in such a manner that Durham's affairs are indistinguishable from the affairs of Defendant Linland. Moreover, if the Court does not pierce the corporate veil and hold Defendant Linland liable, this will lead to an injustice because Defendant Durham is an underfunded, undercapitalized, transient entity, which may fail to pay the debts set forth herein and therefore Plaintiff would not receive just compensation for their damages suffered herein.

## VIII.

Both Durham and Linland reside outside the State of Texas, and are not now within this District, do not maintain an office within this District, and have no duly appointed agent for service of process within the State of Texas, as set forth in the affidavit attached hereto as Exhibit "E." However, the Plaintiff is informed and believes, and therefore alleges that there are certain goods, chattels, or other effects belonging to or claimed by Defendant Linland. within this District, including specifically a cargo of base oil "BS 200" and a cargo of Hygold L2000 lubricating oil, which is or will be during the pendency of this action onboard the M/V ZEYNEP A which is now or will be during the pendency of this action within the Port of Houston, Texas, and within the Southern District of Texas.

## IX.

Plaintiff accordingly seeks jurisdiction over Defendants Durham and/or Linland by attachment of Defendants' goods, chattels, and other effects which may be within this District, including specifically a cargo of base oil BS 200 and a cargo of Hygold L2000 lubricating oil, which is or will be during the pendency of this action onboard the M/V ZEYNEP A, pursuant to a process of maritime attachment and garnishment to be issued against such properties.

## X.

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States of America, and of this Honorable Court.

WHEREFORE, Plaintiff MS LONDON TRADER GmbH & CO prays:

1. That process in due form of law according to the practice of this Honorable Court issue against Defendants, citing them to appear and answer all and singular the matters aforesaid;

2.  That upon hearing, process in due form of law according to the rules of practice of this Court in cases of admiralty and maritime jurisdiction issue to attach and seize, in up to twice the amount sued for, the Defendants goods, chattels, and effects present within this District, including specifically a cargo of base oil "BS 200" and a cargo of Hygold L2000 lubricating oil, which is or will be during the pendency of this action onboard the M/V ZEYNEP A or found elsewhere in the District;

3.  That as soon as practical following the attachment and/or seizure of the Defendants' goods, chattels, credits and/or effects herein, a further hearing be held by this Court to hear any objections the Defendants may have to the attachments and/or seizures herein;

4.  That the Court enter an Order recognizing and confirming the attached Arbitration Award in favor of Plaintiff;

5.  That a judgment be entered in favor of the Plaintiff and against Defendants, jointly and severally in conformity with the attached Arbitration Award, which amount is presently calculated to be $225,301.58, and that the Court further award pre judgment interest, costs and attorneys' fees incurred by the Plaintiff, and that a decree of condemnation issue against the property of the Defendants for the amount of Plaintiff's claim, including interest, reasonable attorneys' fees and costs; and

6.  That Plaintiff may have such other and further relief as the justice of this cause may require.

Respectfully submitted,

*[signature]*

John F. Unger
Federal ID No. 2808
State Bar No. 20690660
711 Louisiana, Suite 500
Houston, TX   77002
(713) 224-8380 Telephone
(713) 225-9945 Facsimile

**ATTORNEY FOR PLAINTIFF,
MS LONDON TRADER GmbH & CO.**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**